

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WANDA LAFAYE LEE, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-383-A |
| | § | (NO. 4:05-CR-016-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

After having considered the motion of Wanda Lafaye Lee under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, the government's response thereto, movant's rebuttal, and pertinent parts of the record of No. 4:05-CR-016-A, the court has concluded that such motion should be denied.

I.

Background

Movant was indicted on February 16, 2005, on the charge that she was a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Her case was tried to a jury commencing with jury selection on July 25, 2005, and continuing with the remaining parts of the trial on July 26, 2005, when the

jury returned a verdict finding movant guilty of the offense charged by the indictment. At sentencing conducted on December 2, 2005, movant was sentenced to a term of imprisonment of 85 months and a three-year term of supervised release. She appealed to the United States Court of Appeals for the Fifth Circuit complaining of her conviction and sentence. By judgment filed December 8, 2006, the Fifth Circuit affirmed this court's judgment of conviction and sentence. Movant petitioned for writ of certiorari. Her petition was denied on April 2, 2007. Thus, her § 2255 motion was timely filed on July 2, 2007.

II.

Grounds of the Motion

As movant states her grounds in the memorandum of law she filed in support of her motion, the grounds of her motion are as follows:

I. WHETHER TRIAL COUNSEL WAS GROSSLY INEFFECTIVE FOR FAILING TO OBJECT TO THE GOVERNMENT'S INTRODUCTION OF AN UNAVAILABLE WITNESS OUT OF COURT STATEMETN [sic] AT TRIAL UNDER CRAWFORD?

Mem. at 3.

II. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO APPEAL THE DISTRICT COURT FINDING OF FACTS TO IMPOSE THE OBSRUCTION [sic] OF JUSTICE ENHANCEMENT

Id. at 5.

> III. BOTH COUNSEL ON APPEAL AND COUNSEL AT TRIAL WAS INEFFECTIVE FOR FAILING TO KEEP ABREAST OF LEGAL DEVELOPMENTS RELATED TO THE CASE UNDER SIXTH AMENDMENT BASED ON BLAKELY/BOOKER.

Id. at 9.

> IV. THE OFFICER TESTIMONY PRESENTED AT SENTENCING FAIL TO POSSESS SUFFICIENT INDICIA OF RELIABILITY TO SUPPORT ITS PROBABLE ACCURACY TO SUSTAIN THE FOUR POINT GUIDELINE ENHANCEMENT OF THE CRACK COCAINE UNDER DUE PROCESS.

Id. at 12.

> V. COUNSEL WAS INEFFECTIVE FOR PURSUING A JUSTIFICATION DEFENSE WHERE ALL THE ELEMENTS ARE NOT PRESENT TO ESTABLISH A DURESS DEFENSE.

Id. at 18.

> VI. COUNSEL FAIL [sic] TO OBJECT TO OFFICER'S LEACH [sic] FALSE TESTIMONY, FOR IMPEACHMENT PURPOSES.

Id. at 20.

### III.

### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge her conviction or sentence after it is presumed

final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); Sunal v. Large, 332 U.S. 174, 178 (1947). Here, movant has not made any showing of cause.[1]

IV.

Analysis

Movant's I, II, III, V, and VI grounds, supra at 2-3, are ineffective assistance of counsel grounds. In order to prevail on an ineffective assistance of counsel ground, movant must show

---

[1] Although constitutionally ineffective assistance of counsel is "cause," McCleskey v. Zant, 499 U.S. 467, 494 (1991), as discussed infra, movant has failed to demonstrate that he received such ineffective assistance.

4

(1) that her counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for her counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. To establish the first prong, movant must overcome a strong presumption that her counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. It is not enough to show that some, or even most, defense lawyers would have handled the case differently. Green v. Lynaugh, 868 F.2d 176, 178 (5th Cir.), cert. denied, 493 U.S. 831 (1989). For the second prong, movant must show that her counsel's errors were so serious as to "deprive him of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. If the movant cannot show that the ineffectiveness of counsel deprived her of a substantive or procedural right to which the law entitles her, she must show that the result of the proceeding was fundamentally unfair or unreliable. Williams v. Taylor, 529 U.S. 362, 392-93 (2000). Here, the record is clearly adequate to fairly dispose of the claim of ineffective assistance. Hence, further inquiry is

5

unnecessary. Baldwin v. Maggio, 704 F.2d 1325, 1329 (5th Cir. 1983), cert. denied, 467 U.S. 1220 (1984).

Movant's ground I complains of her counsel's failure to object to the government's introduction of the statement made by Eddie Dixon to the police officer who stopped her vehicle and found the gun in the vehicle. The objection is without merit. The statement made to the officer was not received into evidence at trial. The statement of which movant complains was repeated by the prosecutor to the court at a bench conference out of the hearing of the jury, but was not repeated in the hearing of the jury. Therefore, ground I has no merit.

Movant's ground II is without merit. The findings of this court that led to the offense level increase based on obstruction of justice were well supported by the evidence. Her counsel's failure to contend on appeal that there was insufficient evidence to support the obstruction of justice offense level increase was reasonable. If he had complained, his complaint might have been viewed to be frivolous. Such a complaint on appeal would have been futile, considering the evidence received at the sentencing hearing on that subject.

The number III ground asserting ineffective assistance of appellate and trial counsel for failing to keep abreast of legal

6

developments related to the case under the Sixth Amendment based on Blakely/Booker[2] is without merit. Nothing in the record suggests that counsel failed to keep abreast of legal developments related to the case under the Sixth Amendment. The sentencing was under the advisory guideline sentencing scheme. Therefore, there was no Blakely/Booker objection to be made by trial counsel or ground to be raised by counsel on appeal. As a part of her argument under her ground III, movant complains of a four-level increase in her offense level based on a finding of the court that she possessed a firearm in connection with her possession of crack cocaine. There is nothing her counsel could have done, but failed to do, that would have caused a different outcome on that subject.

In her V ground, movant complains that her trial counsel was ineffective for pursuing a justification defense when all of the elements of such a defense were not present. As the court's trial rulings suggest, the court concluded that, in fact, movant could not even make a preliminary showing of the elements of a justification defense sufficient to enable her to develop the defense in the presence of the jury. As a result, no evidence

---

[2]Blakely v. Washington, 542 U.S. 296 (2004); United States v. Booker, 543 U.S. 220 (2005).

7

was received during the trial in support of that defense. However, the court is unable to find that her counsel's conduct in asserting such a defense falls outside the wide range of reasonable professional assistance. Nor has movant persuaded the court that she was prejudiced by her counsel's attempt to assert such a defense on her behalf. Nothing in the record suggests that movant received a longer sentence than she would have received if her counsel had never thought of the justification defense.

Movant's final ineffective assistance of counsel ground, ground VI, is that her trial counsel was ineffective for failing to object to the testimony of Officer Leach for impeachment purposes. She has reference to the testimony given by Officer Leach at the sentencing hearing relative to her possession of cocaine. Seemingly, movant is complaining that her attorney should have made a general objection to Officer Leach's testimony that it failed to possess sufficient indicia of reliability to support probable accuracy. Even if there were support in the law for an objection of that kind, the making of such an objection by movant's counsel would have been futile. Rather than to make such a futile objection, her counsel did what a reasonable attorney would have been expected to do. He objected in writing

to the four-level increase in her offense level related to her possession of cocaine, and vigorously cross-examined Officer Leach on that subject and about alleged inconsistencies in his testimony. And, at the conclusion of the testimony, her counsel argued against application of the offense level increase. The mere fact that trial counsel was unsuccessful in his efforts does not translate to ineffective assistance of counsel. See Youngblood v. Maggio, 696 F.2d 407 (5th Cir. 1983).

Movant's IV ground, while not an ineffective assistance of counsel ground, actually presents essentially the same issue presented by her number VI ground, i.e., whether Officer Leach's testimony was sufficiently reliable to support the four-level increase in movant's offense level based on her possession of cocaine. In her IV ground, movant puts a "due process" twist rather than an "ineffective assistance of counsel" twist on the same basic argument. Because of the strength of the evidence through the officer supporting the four-level increase, there is no legitimate basis for saying that receipt and consideration of the evidence or the finding based on the evidence that movant possessed cocaine violated her due process.

For the reasons given above, the court has concluded that each ground of movant's motion is without merit.

V.

Order

Therefore,

The court ORDERS that movant's motion be, and is hereby, denied.

SIGNED December 18, 2007.

_____
JOHN McBRYDE
United States District Judge